IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KYLE SANDAU, MARK DOTY and
REBECCA KAISER,

      Plaintiffs,

v.                                                                                                  No. 1:21-cv-00426-JHR

ZOE FENN OLD, Personal Representative of
the Estate of Forrest Burke Fenn, deceased,
SAN LAZARO HOLDING COMPANY LLC,
WILLIAM BRADLEY SATHER,
COLLECTED WORKS BOOKSTORE
AND COFFEEHOUSE, and
JONATHAN KENNETH STUEF,

      Defendants.

### MEMORANDUM OPINION AND ORDER TO FILE AN AMENDED COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for a Civil Action, Doc. 1, filed May 4, 2021 ("Complaint") and Plaintiffs' Motion for Appointment of Counsel, Doc. 2, filed May 4, 2021 ("Motion to Appoint Counsel").

**The Complaint**

This case arises from Defendants' alleged actions in the treasure hunt for the chest full of gold, jewels and other valuable artifacts hidden by Forrest Fenn in a location, the clues to which were purportedly in a poem by Fenn. Plaintiffs assert a claim for fraud and allege that "Defendants had intentionally deceived them by purposely providing numerous false statements of fact over several years," Plaintiffs relied on those misrepresentations of fact, and Plaintiffs have been "deprived of their rightful property." Complaint at 2.

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , ... and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

Plaintiff's allegations in this case are vague and conclusory, for example, "in true fashion Fenn either denied it all and or took evasive actions trying to ignore and or discredit [Plaintiffs' findings]," "Fenn rather quickly responded and acted as if nothing was amiss," and "it was all a complete set up and a lie, a total fraud and fabrication." Complaint at 10, 12.

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted because it fails to plead with sufficient particularity their claim of fraud. The Court grants Plaintiffs an opportunity to file an amended complaint.

**Motion to Appoint Counsel**

Plaintiffs ask the Court to appoint counsel "due to the *truly exceptional nature* of this case." Motion to Appoint Counsel at 1 (*emphasis in original*).

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the

litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001).

The Court denies Plaintiffs' Motion to Appoint Counsel. Plaintiffs have not set forth any facts or arguments regarding the factors to be considered regarding the appointment of counsel. Furthermore, Plaintiffs have not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case. The Court refers Plaintiffs to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that:

(i)  Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii) Plaintiffs' Motion for Appointment of Counsel, Doc. 2, filed May 4, 2021, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**