IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | |
|---|---|
| Kyle Sandau, Mark Doty, Rebecca Kaiser ) | |
| Plaintiff ) | No. CIV 21-426 MV/JHR |
| v. ) | |
| Zoe Fenn Old, Personal Representative ) | |
| of the Estate of Forrest Burke Fenn, deceased ) | |
| San Lazaro Holding Company LLC, ) | |
| Shiloh Forrest Old, William Bradley Sather, ) | |
| Collected Works Bookstore and Coffeehouse, ) | |
| Jonathan Kenneth Stuef | |
| Defendants. | |

## BARBARA ANDERSEN'S MOTION TO INTERVENE

Barbara Andersen respectfully moves pursuant to Federal Rule of Civil Procedure 24(a)(2) or alternative 24(b)(1)(B) to intervene as a party to this action by right or, alternatively, permission. In support of her motion, Andersen states as follows:

1. Andersen is an attorney, inactive status, from Illinois. Andersen is/was at all material times hereto an attorney in good standing with the bar of Illinois.

2. Andersen, not plaintiffs herein, is the true solver of the Forrest Fenn puzzle. The puzzle clearly leads to a specific area in New Mexico. (Not Colorado, Wyoming, Montana—the other potential locals for the treasure.)

3. Andersen filed a very highly publicized suit before this Court explaining that the end to the puzzle was suspect. *See Andersen v. Unknown Defendant*, Case 20-cv- 00553-JFR (record).

4. Andersen ultimately voluntarily dismissed (without prejudice) her litigation notwithstanding the <u>unverified</u> press releases given that (a) the purported finder, Jonathan Kenneth Stuef, was a "spoof"/Onion writer; (b) Andersen was being subtly teased in the post-find press releases notwithstanding the announcement relative to Jonathan Stuef that she was the true and correct solver of the puzzle; and (c) Andersen discovered that she was likely teased/pranked

relative to the Fenn treasure hunt conclusion as part of a prank end to the "Chase". Andersen has several months to re-file her case if necessary. Andersen is hopeful that this will not be necessary.

5. Pranking and sleight of hand (as the ending thus far of the Forrest Fenn puzzle) is consistent with how one solves the puzzle itself. Andersen has been explaining same as she goes through the book on YouTube. At this juncture, Andersen has almost completed going through the first book (first level, without disclosing the key, clue answers, etc.) while she waits for the fun and correct conclusion to the "Chase". See https://www.youtube.com/watch?v=K6NvGQyhBIw for first video. See "Barbara Andersen" YouTube channel directly for past and future videos.

6. Andersen would be happy to offer *in camera* testimony (including photos and book discussion to this Court). Andersen would also be happy to bring this Court to the where the solve location is in New Mexico as part of an *in camera* hearing. Andersen has similarly made an offer to the probate estate court today in a pleading filed today. A copy of that pleading is attached hereto as Exhibit A and is incorporated herein by reference. That hearing is scheduled for later this month to determine if the probate court wishes to take Andersen up on her offer for an *in camera* hearing. Like here, Andersen has raised the specious nature of plaintiffs' claim to the probate court. (See next paragraph as to why.)

7. In reviewing the pleadings filed herein, it appears that the plaintiffs take the specious position that the solve leads one to San Lazaro, i.e. south of Santa Fe. It is unclear why under F.R.Civ.P. 11 they would make this assertion given that (a) Forrest Fenn specifically excluded areas south of Santa Fe http://www.northofsantafe.com/ (see Quote at bottom; this hint was also widely published on other websites throughout the "Chase"); (b) certainly plaintiffs would be aware of Andersen's highly publicized pleadings both on national media and in the Fenn blogs/vlogs; and (c) plaintiffs herein never bothered to contact Andersen as to her solve and/or her

(of record) explanation as to why she advised this Court why she believes that the ending to date is a prank (rather than a hoax). In other words, plaintiffs herein seem to be taking advantage of the (what Andersen believes to be temporary prank end) to the "Chase" to exert specious claims against Defendants and indirectly against Andersen (the true solver) and to potentially go on an improper fishing expedition and frivolous harass innocent parties.

8. Andersen certainly has an interest in the treasure chest given that she (not plaintiffs) solved the Forrest Fenn puzzle. Moreover, Andersen certainly objects to any discovery to these plaintiffs without the ability of Andersen to object to same. Plaintiffs herein have no good faith basis to ask for any information to Andersen's and/or Fenn's proprietary, solve information. As noted above, they have no good faith basis pursuant to the hints (let alone solving/deciphering the puzzle books) for being before this Court in any regard.

9. As discussed in the attached pleading to the probate court, a reckless YouTuber by the name of Greg Thompson on a channel called "Treasure Seekers" has been stirring up discontent in the Fenn community by (a) calling Andersen a "liar" without knowing Andersen's solve; (b) encouraging laypersons to file suit against the Fenn estate etc. despite being aware of Andersen's pleadings before this Court; and (c) encouraging harassment of the defendants hereto by effectively stalking and threatening them; and (d) inciting confused laypersons to regularly threaten physical harm on YouTube. It is absolutely shameful conduct which is now causing Andersen and the above defendants additional and unnecessary legal work and harassment in contravention of F.R.Civ.P. 11. Andersen has sent the YouTube legal department several letters at this point in time relative to his/their cyberbullying and his/their efforts to incite violence/harassment/frivolous litigation in confused, former searchers who should be waiting for a fun ending instead of listening

to nonsense such as the pleadings and unsubstantiated allegations such as those being made by plaintiffs herein.

10. In considering intervention, this Court may consider: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed interveners knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same).

11. Here, as to the first factor, this lawsuit has just begun. There are no scheduling orders, orders relative to the sufficiency of the Amended Complaint and/or discovery. So there is no prejudice to any party. Indeed, should this Court allow *in camera* testimony with Andersen, Andersen can certainly help this Court streamline and conclude this litigation without bothering the above defendants.

12. Second, Andersen seeks intervention herein (a) to put to bed the notion that there is no solve to the Fenn puzzle; (b) to put to bed the notion that Andersen is not the solver of of the Fenn puzzle; (c) to explain that this conclusion is consistent with how one solves the book/puzzle; (d) to protect the disclosure of proprietary solve information to these plaintiffs and/or generally; and (e) to put an end to any specious claim by the plaintiffs herein that somehow they have any claim to the treasure chest that should properly go to the true solver of the Forrest Fenn puzzle, i.e Andersen.

13. Third, Andersen's claim is timely in that the original complaint has been stricken and the Amended Complaint just filed. It does not even appear that service has yet been attempted/allowed. (Nor, in Andersen's opinion, should it be.) It also does not appear that this Court has considered the sufficiency of the Amended Complaint which suggest… without proper factual basis… as to why the above defendants are named and/or why they believe the Chase and/or ending were fraudulent. (It is Andersen's opinion that this Complaint violates F.R.Civ.P. 11 and F.R.Civ.P. 9(b).)

14. Fourth, there is no prejudice to the plaintiffs herein. Here, none of the plaintiffs herein made any effort to contact Andersen prior to filing suit and/or explain why they disregarded her highly publicized pleadings to this Court. Moreover, it does not appear that the plaintiffs herein made any effort to consult with any attorney before filing either version of the complaint before this Court. Had they done so, Andersen would have told them that this suit is frivolous. Instead, because laypersons decided to run into Court on nothing more than speculation, Andersen has to seek intervention to advise this Court of same.

15. Fifth, given that Andersen is the true solver of the puzzle- - not Plaintiffs, and is prepared to offer verified, immediate testimony as to same (not unverified statements by a spoof writer) with supporting evidence (i.e. going through the book, the solve and photographs since 2018 onward and an in-person visit to the final location if desired), Andersen can assist this Court in reaching a prompt resolution to this litigation and, further, to deter future, frivolous litigation before this Court or otherwise relative to the Forrest Fenn puzzle and its solve.

16. Here, while the personal representative of the Estate could protect Andersen's interest to a certain degree by making challenges to the complaint and/or discovery, Andersen seeks to protect her years of hard work and her proprietary interest relative to the solve from these

plaintiffs or otherwise. Quite frankly, the solve and/or Andersen's efforts are not their business until made public. As such, Andersen believes that she has the right to intervene in this litigation as a matter of right or, alternatively, permissively in order to protect her proprietary information relative to the Forrest Fenn puzzle. For example, Andersen does not want any of her story, search efforts, pictures, etc. given to these plaintiffs. It is Andersen's story to tell when the time presents itself.

17. Notably, Andersen carries a minimal burden to show that the existing parties to this litigation inadequately represent Andersen's interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." *Id.* (citations omitted) (emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original). Andersen satisfies this burden in that (a) she has a propriety interest in the solve; (b) she has the only true and correct solve; (c) plaintiffs herein clearly have no good faith basis for asserting that their solve (i.e. South of Santa Fe) warrants them the treasure and/or justified their suit herein; and (d) Andersen has a right to protect dissemination of other information surrounding her solve that can lead to future financial endeavors (i.e. book relative to her adventures/challenges since 2018 onward, her pictures/stories relative to the solve and searches, etc.). Thus, Andersen asks this Court for leave to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).

18. This Court may likewise permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or

prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The same substantial interests that give Andersen a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b)(1)(B). Here and again, the question is what is the true and correct solver to the Forrest Fenn puzzle and entitled to the award of the chest. That answer lies with Andersen… not the plaintiffs to this case. It is unjust and inequitable for Andersen to watch from the sidelines as laypersons come into Court making frivolous claims to the treasure with absurd solves that have no basis in the Fenn puzzle books and/or hints.

19. A copy of Andersen's proposed intervention petition is attached hereto as Exhibit B and is incorporated herein by reference.

20. Pursuant to Local Rule 7.1, Andersen states as follows: 1. That she attempted to call each of the Plaintiffs herein on July 7, 2021. None of the calls were answered; no voicemail was set up for any of the plaintiffs and 2. That she e-mailed an advance copy of this pleading asking for the plaintiffs to voluntarily dismiss this litigation or consent to Andersen's intervention. The plaintiffs responded as follows to Andersen's e-mail:

> Ms. Andersen,
>
> Move along please, you don't have a case, and we definitely, and vigorously, object to you attempting to involve yourself within our Complaint, just as we believe Mr. Erskine had tried to do to your own and which you objected to.
>
> Do not contact us to threaten nor harass us ever again by any means whatsoever, be it by phone, email, letter or otherwise, as you are definitely not welcome, and have no place nor business with us in this nor any other matter.
>
> This is your one and only warning as we will not only take action against you in a Court of Law if you choose to continue on with this type of behavior, but also contact the local, state and or federal authorities to directly deal with you. Thank you.
>
> Sincerely,
> Kyle Sandau
>
> Cc; Mark Doty, Rebecca Kaiser

21.     It is clear from the above response that the Plaintiffs were fully aware of Andersen's litigation (notwithstanding an error relative to describing same). As such, Andersen proceeds herein and asks this Court to consider F.R.Civ.P. 11 sanctions should this Court allow Andersen to intervene and address the true solve in camera. Andersen also asks that this Court caution plaintiffs herein to act in a professional manner going forward and to cease his bizarre threats.

## Conclusion

For the reasons stated above, Andersen requests that this Court allow Andersen leave to intervene in this litigation as a matter of right or, alternatively, by permission.

                Respectfully submitted:

                /s/ Barbara Andersen

Barbara Andersen
3201 Zafarano, Suite C
Box 259
Santa Fe, New Mexico 87507
Barbandersen323@yahoo.com[1]

---

[1] Because Andersen has been harassed by persons surrounding the Fenn matter, Andersen is not listing her phone number. Andersen is happy to provide same to this Court under seal or informally to this Court's clerks.

## CERTIFICATE OF SERVICE

Barbara Andersen hereby certifies that on July 8, 2021 the **MOTION TO INTERVENE** was filed and delivered via the ECF filing system to:

Service list:
kyle84486484@gmail.com

mark84486484@gmail.com

rebecca84486484@gmail.com


/s/Barbara Andersen
Barbara Andersen
3201 Zafarano, Suite C
Box 259
Santa Fe, New Mexico 87507
Barbandersen323@yahoo.com