IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

Kyle Sandau, Mark Doty, Rebecca Kaiser )
      Plaintiff               )      No. CIV 21-426 MV/JHR
v.                             )
Zoe Fenn Old, Personal Representative  )
of the Estate of Forrest Burke Fenn, deceased )
San Lazaro Holding Company LLC,     )
Shiloh Forrest Old, William Bradley Sather, )
Collected Works Bookstore and Coffeehouse,)
Jonathan Kenneth Stuef
      Defendants.

## BARBARA ANDERSEN'S PETITION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Andersen hereby files this petition of intervention. In support of same, Andersen states as follows:

1.     Andersen is an attorney, inactive status, from Illinois. Andersen is/was at all material times hereto an attorney in good standing with the bar of Illinois.

2.     Andersen, not plaintiffs herein, is the true solver of the Forrest Fenn puzzle. The puzzle clearly leads to a specific area in New Mexico. (Not Colorado, Wyoming, Montana—the other potential locals for the treasure.) Andersen has previously advised this Court in a highly publicized suit, *Andersen v. Unknown Defendant*, Case 20-cv- 00553-JFR. Andersen advised this Court in voluntarily dismissing that case that the current ending is a prank ending and, conversely, not fraudulent. Andersen asked for dismissal without prejudice to allow the Estate and other third parties time to resolve the prank ending and disclose the true and fun ending to the puzzle. See record relative to 20-cv- 00553-JFR.

3.     Plaintiffs herein have no good faith basis to claim the treasure chest in that (a) they did not solve the puzzle; (b) Andersen solved the puzzle; and (c) the hints of the puzzle clearly ruled out the search area where they claim the puzzle led them. http://www.northofsantafe.com/ (see Quote at bottom; this hint was also widely published on other websites throughout the



"Chase"). Andersen is prepared to testify *in camera* herein as to where the puzzle books clearly lead the true solver of the puzzle.

4.        At no time prior to filing this action did any of the Plaintiffs contact Andersen so as to unearth facts relative to her case, her solve and/or the conclusion of the "Chase". Andersen's contact information was in the public record of her case, including her still active attorney e-mail address.

5.        In addition to objecting to the Plaintiff's specious claims against the chest, Andersen further objects to any discovery requests relative to the true solve of the puzzle and/or any information relative to Andersen's solve.  By bringing frivolous claims against the above, the plaintiffs herein are effectively attempting to go on a fishing expedition as to matters that (a) upon information and belief, will be disclosed to them without litigation as to the true solve; (b) they have no business seeking in that they are not the correct solvers;  (c) have the likelihood of invading upon Andersen's private and proprietary e-mails and solve; (d) have the likelihood of impairing Andersen's future financial endeavors (i.e. potential books, etc.) by their improper fishing expedition; and (e) that they know or should know (given that South of Santa Fe was ruled out as a solve/search area) that their claims herein are patently frivolous.

6.        Prior to filing this petition, Andersen asked the Plaintiffs herein to voluntarily dismiss their case given that (a) Plaintiffs' solve is south of Santa Fe and patently frivolous as this Court can easily see from the above and (b) is not based in the solve of the Fenn puzzle books (as Andersen can easily explain to this Court *in camera*).  Andersen has begun an explanation of the books on her YouTube channel already (first level to the books...omitting the answers to the solve/key word, etc).        Andersen can explain this and more directly to this Court *in camera*. Andersen can also take this Court to the correct area if desired as part of an *in camera* hearing.

7.      In the event that the Plaintiffs do not immediately voluntarily withdraw their claims, Andersen asks that this Court consider an award of (a) costs and (b) under F.R.Civ.P. 11 in that Andersen is being forced to intervene in this frivolous case.

8.      Andersen specifically requests the right to intervene at the discovery phase (if allowed/applicable) of this litigation so as to protect the true solve and Andersen's proprietary information surrounding the "Chase" (i.e. photos, e-mails, the solve itself). Andersen also requests that this Court consider an immediate *in camera* hearing with Andersen so that Andersen can explain the true solve to this puzzle and how the books etc. lead to this one, specific area in Andersen's search area in New Mexico… without question.

9.      Andersen believes that her involvement in this litigation will assist in the prompt resolution of this case and, further, deter other potential, frivolous litigation before this Court generally.

Wherefore, for the reasons stated herein, Andersen requests that (a) Andersen be allowed to intervene in this action; (b) that she be allowed to give *in camera* testimony to this Court as to the true solve of the Forrest Fenn puzzle; (c) that Andersen be allowed to participate in the discovery phase of this litigation (if allowed/applicable); and (d) that she be awarded costs and relief under F.R.Civ.P. 11 for having to defend the Amended Complaint and pleadings of Plaintiffs in this matter.

Respectfully submitted:

_____/s/ Barbara Andersen_____

Barbara Andersen
3201 Zafarano, Suite C
Box 259
Santa Fe, New Mexico 87507
Barbandersen323@yahoo.com[1]

---

[1]    Because Andersen has been harassed by persons surrounding the Fenn matter, Andersen is not listing her phone number.  Andersen is happy to provide same to this Court under seal or informally to this Court's clerks.