IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KYLE SANDAU,
MARK DOTY, and
REBECCA KAISER,

      Plaintiffs,

v.          No. 1:21-cv-00426-MV-JHR

ZOE FENN OLD, Personal Representative of
the Estate of Forrest Burke Fenn, deceased,
SAN LAZARO HOLDING COMPANY LLC,
SHILOH OLD,
WILLIAM BRADLEY SATHER,
COLLECTED WORKS BOOKSTORE
AND COFFEEHOUSE, and
JONATHAN KENNETH STUEF,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Amended Complaint for a Civil Action, Doc. 11, filed June 30, 2021 ("Amended Complaint").

This case arises from Defendants' alleged actions in the treasure hunt for the chest full of gold, jewels, and other valuable artifacts hidden by Forrest Fenn in a location, the clues to which were purportedly in a poem by Fenn in his book, "The Thrill of the Chase." Plaintiffs' original Complaint asserted a claim for fraud and alleged that "Defendants had intentionally deceived them by purposely providing numerous false statements of fact over several years," that Plaintiffs relied on those misrepresentations of fact, and that Plaintiffs have been "deprived of their rightful property." Complaint at 2, Doc. 1, filed May 4, 2021.

United States Magistrate Judge Jerry H. Ritter notified Plaintiffs that their Complaint should be dismissed for failure to state a claim upon which relief can be granted because the vague

and conclusory factual allegations failed to plead with sufficient particularity their claim of fraud. Judge Ritter stated:

> Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

Order at 2, Doc. 5, filed May 7, 2021. Judge Ritter ordered Plaintiffs to file an amended complaint.

The 57-page Amended Complaint, which contains 188 paragraphs, fails to state a claim for fraud against any of the named Defendants.

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation. . . . Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart,* 2005-NMCA-061 ¶ 34 137 N.M. 420, 429, 112 P.2d 290, 512.

First, the Amended Complaint fails to state a claim for fraud based on the alleged acts of Forrest Fenn. While the Amended Complaint alleges that Fenn made several statements, it does not identify which of those statements were misrepresentations. The Amended Complaint does not state with particularity the circumstances constituting fraud because, for many of the allegations regarding Fenn's statements, it does not identify one or more of the following: (i) the date; (ii) the place; or (iii) the contents. *See* Amended Complaint ¶¶ 36-37, 39, 41, 46, 49, 53, 58-59, 64, 72-74, 80, 82, 89, 94, 97, 102, 105-106, 108, 115, 147. Plaintiffs make the conclusory allegation that they "have suffered numerous damages as a result of having come to rely on as fact

the multiple misrepresentations of the Defendants" but do not allege with particularity the consequences of their reliance on Fenn's alleged misrepresentations. *Id.* at 2. Plaintiffs state that they traveled to New Mexico in 2016 to find Fenn's treasure chest, "which was no easy task,'" but do not set forth factual allegations stating with particularity that they detrimentally relied on misrepresentations by Fenn in making those trips. *Id.* ¶¶ 112-113. Even with the liberal construction afforded *pro se* plaintiffs, the Amended Complaint fails to show that Plaintiffs' trips to New Mexico were the result of detrimental reliance. The Amended Complaint does not identify which of Fenn's statements were misrepresentations, what misrepresentations, if any were relied upon by Plaintiffs, or whether any of the alleged statements were made by Fenn and relied upon by Plaintiffs *before* their trips to New Mexico in 2016.

Next, the Amended Complaint fails to state a claim for fraud against ether Defendant Shiloh Forrest Old ("Shiloh") or Defendant Jonathan Kenneth Stuef. Shiloh "is the grandson and former trusted confidant of Fenn, and upon information and belief has played an ongoing and very vital and pivotal role to help perpetuate and or cover up the fraudulent ending to the Chase." *Id.* ¶ 17. Stuef "is the purported 'finder' . . . of the bronze treasure chest containing gold, jewelry, rare artifacts and other such unknown valuables." *Id.* ¶ 20. "Fenn had officially announced on June 6, 2020 that the Chest had been found." *Id.* ¶ 124. Two days later, Plaintiff Sandau saw a news article stating that "the Fenn treasure had purportedly been found but that Fenn had now stated the finder, location, solve to the poem, answers to clues, everything, would be kept secret." *Id.* ¶ 124. While it alleges that Shiloh and Stuef made false statements regarding the treasure, the Amended Complaint does not allege either of these individuals made those statements prior to the discovery of the treasure or that Plaintiffs detrimentally relied on those statements.

Further, the Amended Complaint fails to state a claim for fraud against Defendant William Bradley Sather.  Plaintiffs allege that Sather is "the mailing contact for sep[a]rate land owned by [Defendant] San Lazaro Holding Company," "was 'Goofy' and or 'Goofy_Old_Guy' from Dal Neitzel's ... now defunct blog on the Chase," and "was targeted along with Fenn in the federal undercover *Operation Cerberus Action* investigation and raids of 2006-2009" regarding "illicit looting and trading of Native artifacts."  *Id.* ¶¶ 8, 18, 28.  There are no factual allegations that Sather made any misrepresentations of fact with the intent to deceive Plaintiffs and induced their reliance on such misrepresentations.

Additionally, the Amended Complaint fails to state a claim for fraud against Defendant Collected Works Bookstore and Coffeehouse ("Collected Works").  Plaintiffs allege that Collected Works "was throughout the Chase, and still is, the sole authorized bookseller for '*The Thrill of the Chase*.'"  *Id.* ¶ 19.  Plaintiffs state:

> Defendants in a legal action [do] not have to actually be guilty of or have knowingly taken part in a fraudulent action in order to then later be held legally liable for their own part played in the fraud and therefore that is exactly why Defendant Collected Works Bookstore and Coffeehouse is being named within this suit for being the official seller of Fenn's '*The Thrill of the Chase*,' as well as other works, and benefitting into the millions of dollars overall from it.

*Id.* ¶ 173.  There are no factual allegations that Collected Works made any misrepresentations of fact with the intent to deceive Plaintiffs and induced their reliance on such misrepresentations.

Finally, the Amended Complaint fails to state a claim for fraud against Defendant San Lazaro Holding Company ("San Lazaro").  Plaintiffs allege that San Lazaro "is the legal entity that owns the San Lazaro Pueblo Ruins . . . and is part of the ongoing Fenn Estate probate."  *Id.* ¶ 16.  There are no other factual allegations regarding San Lazaro, and thus no allegations that state an actionable claim against it.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**